UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.   Case No. 3:22-CR-3 JD

SHAUNTAY WADE

## OPINION AND ORDER

The defendant, Shauntay Wade, has moved to exclude the Government's proposed expert witness Joanna Johnson, or in the alternative continue trial to allow him to obtain his own DNA expert. (DE 55.)

As brief background, Mr. Wade is currently charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Wade's trial is set to begin on July 31, 2023, and the Court held a final pretrial conference on July 20, 2023. Earlier in this case, the Magistrate Judge entered a discovery order requiring the parties to disclose any anticipated expert witnesses four days prior to the final pretrial conference as part of their statement of the case. (DE 15 at 7.) The Government's statement of the case, and their representations at the conference indicated the only potential expert witness they would produce would be ATF Special Agent Kyle Lerch. Special Agent Lerch's expert testimony would only address whether the weapon in this case was a firearm and whether it travelled in interstate commerce.

The day after that conference, the Government filed a notice that they intended to present a DNA expert, Ms. Johnson, to testify that Mr. Wade's DNA was found on the firearm. (DE 50.) In response Mr. Wade filed the instant motion. The Court construes this motion as two requests, a motion to exclude and a motion for continuance, and will address the two in turn.

**A. The Motion to Exclude**

Mr. Wade's first request is that the Court exclude this proffered DNA expert from trial as the Government proffer is untimely in violation of Federal Rule of Criminal Procedure 16(a)(1)(G)(ii). Mr. Wade argues that the DNA report prepared by Ms. Johnson, dated May 9, 2022, while not intentionally withheld by the Government, was nonetheless available to the Government to obtain and disclose in a timely manner. Therefore, given the Government's failure to timely disclose the report, the appropriate remedy is to exclude the evidence and allow the case to proceed to trial as scheduled. Mr. Wade notes it is within the Court's authority to exclude this evidence pursuant to Rule 16(d)(2).

The Government's response to the motion does not dispute their disclosure is untimely and that it is within the Court's power to exclude this evidence. Rather, the Government requests the Court grant a continuance as an alternative remedy. This would allow Mr. Wade the opportunity to examine the report and, if he so chooses, obtain his own DNA expert witness. The Government argues, citing to Seventh Circuit precedent on Rule 16, that exclusion is a particularly harsh remedy which is not proportionate to the facts of this case. Specifically, the Government explains they were unaware of the DNA report until a Mishawaka Police Department Lieutenant disclosed its existence during a pretrial meeting on July 20. The Government indicates that they tendered the report to the defendant immediately after its discovery and promptly filed notice with the Court.

The Court recognizes Mr. Wade's preference to exclude this evidence and proceed to trial on schedule. (*See* DE 55 at 2.) The Court is especially sensitive to his preference considering Mr. Wade is currently detained pending trial. However, the Court agrees with the Government that exclusion is an unduly harsh remedy for a violation of this nature.

Rule 16(d)(2) is a discretionary, not mandatory, rule which allows the Court to exclude the evidence at issue or to grant a continuance so as not to prejudice the opposing party by the delayed production. Fed. R. Crim. P. 16(d)(2); *United States v. De La Rosa*, 196 F.3d 712, 715 (7th Cir. 1999). The facts of *De La Rosa* also provide useful guidance for this case. In *De La Rosa*, only a week before trial the Government discovered a six-month-old report prepared by the lead DEA Special Agent containing post-arrest statements by the defendant. *Id.* at 714–15. The Government sought to use the report at trial and the defendant objected, arguing it should be excluded as a violation of Rule 16. *Id.* at 715. The Government argued their error was inadvertent and did not merit such a harsh sanction. The Court agreed with the Government and offered the defendant a continuance of several days to examine the report. The defendant refused this offer and the trial then proceeded as previously scheduled resulting in the defendant's conviction. Upon review, the Seventh Circuit affirmed both the conviction and the district court's handling of the untimely disclosed report.

While the DNA report in this case is older than the report in *De La Rosa*, neither the Government nor the case agent from the ATF were involved in the DNA submission. Rather it was an independent action by the Mishawaka Police Department which the Government only learned of when its attorneys interviewed one of the officers in preparation for trial. This is a favorable distinction from *De La Rosa*, where the delay was due to inadvertence by the Government's agent. Here, in contrast, no Government inadvertence contributed to the delay. Moreover, here the Government immediately notified the defendant and the Court upon learning of the report. This suggests to the Court that the more modest remedy of a continuance is appropriate in this case.

The Court also finds the reasoning of the unpublished Seventh Circuit case *United States v. Herrera* to be persuasive on how to proceed. 366 Fed.Appx. 674, 676 (7th Cir. 2010). In *Herrera*, the Seventh Circuit reversed a trial court's decision to exclude a tardily disclosed fingerprint report. *Id.* The Court found that exclusion was too drastic a remedy given there was no evidence the Government had acted in bad faith and the unfair prejudice to the defendant could be cured by a less severe alternative. *Id.* The Court also noted that based on the specific facts of that case, such as the case being almost a decade old with the attendant toll on witness recollection, scientific evidence would be particularly important. Consequently, excluding that evidence would be a particularly harsh sanction.

Applying *Herrera*'s reasoning to this case, there is no suggestion here that the Government has proceeded in bad faith. This strongly militates against remedying the issue by excluding evidence. While there is other Government evidence in this case, and thus the scientific evidence does not have the unique level of significance it did in *Herrera*, DNA evidence of Mr. Wade's possession could prove to be very important at trial which weighs against exclusion. Further, the Court finds that *Herrera*'s reasoning endorses the broader proposition that excluding otherwise relevant and admissible evidence is not the preferred option in choosing Rule 16 remedies. The Court finds this commonsense proposition also weighs heavily against exclusion.

Accordingly, the Court will deny Mr. Wade's motion to exclude the DNA expert evidence as it would be an unduly harsh application of Rule 16.

### B. The Motion to Continue Trial

In the alternative, Mr. Wade requests to continue the trial to give him the opportunity "to review the evidence and consult with and retain an expert witness to . . . prepare a rebuttal at trial." (DE 55 at 2.) The Court must consider several factors in determining whether a continuance is justified:

> 1) the amount of time available for preparation; 2) the likelihood of prejudice from denial of the continuance; 3) the defendant's role in shortening the effective preparation time; 4) the degree of complexity of the case; 5) the availability of discovery from the prosecution; 6) the likelihood a continuance would have satisfied the movant's needs; and 7) the inconvenience and burden to the district court and its pending case load.

*United States v. Miller*, 327 F.3d 598, 601 (7th Cir. 2003).

Having considered these factors, the Court finds that a continuance is justified. The Court agrees with Mr. Wade that a continuance is needed for his counsel to adequately prepare for trial in light of the new evidence disclosed by the Government. With only days left until the trial is set to start, denying a continuance would deny Mr. Wade's counsel adequate opportunity to review the Government's evidence and its expert's report and to meaningfully prepare for trial, so that the likelihood of prejudice is substantial. The Court notes that neither Mr. Wade nor his counsel bear any responsibility for shortening the effective preparation time. Moreover, while a continuance is likely to satisfy Mr. Wade's needs, it will not overly inconvenience or burden this Court. Finally, the Government agrees that a continuance of trial is appropriate under the circumstances. (DE 57 at 4 ("Should [Mr.] Wade need additional time to investigate given the existence of the report, a continuance is appropriate as a less drastic remedy.")).

In addition, because the continuance of the trial will push the trial beyond the current deadline under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., the Court must also consider whether the additional time sought is excludable under the Act. The Speedy Trial Act requires a federal criminal trial to commence within 70 days of the filing of the information or indictment

5

or from the defendant's initial appearance, whichever occurs last. 18 U.S.C. § 3161(c)(1). The Act "serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice." *Bloate v. United States*, 559 U.S. 196, 211 (2010). To accommodate the expected differences in criminal cases and the varying valid reasons for longer pretrial periods, however, the Act excludes delays attributable to certain events and circumstances. *See* 18 U.S.C. § 3161(h)(1)-(8). Relevant here, subsection (h)(7) provides that delay "resulting from a continuance granted . . . at the request of the defendant or his counsel" may be excluded from the computation of the time within which the trial of an offense must commence. "An exclusion under subsection (h)(7) is not automatic, however, and requires specific findings. Allowing district courts to exclude automatically such delays would redesign this statutory framework." *Bloate*, 559 U.S. at 213. Under subsection (h)(7), the court must make a record, orally or in writing, of "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Based on Mr. Wade's counsel's representations and the Court's discussion above, the Court finds that the failure to grant the continuance here would result in a miscarriage of justice, § 3161(h)(7)(B)(i), and "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv). As a result, the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. Therefore, the delay resulting from the continuance is excluded under the Act. § 3161(h)(7).

**C. Conclusion**

For these reasons the Court DENIES IN PART and GRANTS IN PART Mr. Wade's Motion (DE 55):

- The Court DENIES Mr. Wade's request to exclude from trial the testimony of Joanna Johnson of the Indiana State Police Lab and any reference to the results of a forensic DNA test conducted at the Indiana State Police Lab on May 9, 2022;
- The Court GRANTS Mr. Wade's request to continue trial to afford him adequate time to review new evidence and adapt his trial strategy to changed circumstances.

The jury trial currently set for July 31, 2023, is RESET for December 4, 2023, at 9:30 a.m., in the first floor courtroom in South Bend.

As explained above, the delay resulting from the continuance is excluded under the Speedy Trial Act. § 3161(h)(7).

SO ORDERED.

ENTERED: July 26, 2023

/s/ JON E. DEGUILIO
Judge
United States District Court