UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:22-CR-3 JD |
| SHAUNTAY WADE | |

### OPINION AND ORDER

The defendant, Shauntay Wade, is charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Wade has moved to dismiss his charge on the basis of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*. 142 S.Ct. 2111 (2022). (DE 49.) The Government filed a response and Mr. Wade opted against filing a reply, therefore the motion is fully briefed and ripe for adjudication. For the following reasons this motion will be denied.

**A. Legal Standard**

A defendant can move before trial to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B). A defendant can make such a motion on the basis that the charged offense is based on an unconstitutional statute. *United States v. Posey*, No. 2:22-CR-83, 2023 WL 1869095, at *1 (N.D. Ind. Feb. 9, 2023) (internal citations omitted). A constitutional challenge to a statute can be brought either as a facial challenge, or an as-applied challenge. Mr. Wade describes his challenge of the as-applied variety. To succeed on an as-applied challenge, the moving party must show it is unconstitutional because of the way it was applied to the particular facts of their case. *See United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011).

**B. Discussion**

This Court has previously considered and rejected a challenge to the constitutionality of § 922(g)(1) based on *Bruen*, and it sees no reason to revisit that conclusion in this motion. *United States v. Rice*, No. 3:22-cr-36, 2023 WL 2560836 (N.D. Ind. Mar. 17, 2023). In *Rice*, this Court found that § 922(g)(1) satisfies the *Bruen* test and withstood both facial and as-applied challenges. *Id.* That is, the Court found that the regulation codified at § 922(g)(1) is consistent with the history and tradition of firearm regulation in the United States.[1] *Id.* As the Government notes in its response brief, this conclusion is shared by the overwhelming majority of federal courts to review this question, including a thus far unanimous consensus among the Judges of this District who have confronted the question. *See e.g. United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023) (upholding § 922(g)(1) as constitutional); *United States v. Clark*, 2023 WL 2346284 (N.D. Ind. 2023) (Brady, C.J.); *United States v. Tribble*, 2023 WL 2455978 (N.D. Ind. Mar. 10, 2023) (Simon, J.).

Nonetheless, the Court will briefly indicate why it is unpersuaded by the arguments raised in Mr. Wade's motion. In his as-applied challenge, Mr. Wade seems to argue it violates the Second Amendment for a federal firearm law to "restrict the private possession of a firearm in a residence." (DE 49 at 5.) This argument is without merit. First, this distorts the legal question to be decided. The issue is whether the Second Amendment permits the government to prohibit felons from owning firearms and not whether the criminal law applies in private residences. Second, this argument does not address *Rice*'s historical analysis which found it is

---

[1] In the interest of brevity the Court will not restate the full analysis or the *Bruen* standard here, and incorporates by reference the analysis and holding of *Rice*.

2

within the government's power to prohibit felons from possessing firearms.[2] As such, the Court will defer to its prior holding in *Rice*.

Mr. Wade points out that one federal circuit court has reached a somewhat different conclusion after *Rice*, narrowing §922(g)(1)'s scope to exclude non-violent felons. *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023) (en banc) (finding § 922(g)(1) unconstitutional as applied to *non-violent* felons). This decision, besides not being binding on this Court, is inapplicable to Mr. Wade as he has prior convictions for violent felonies. For example, he has a 2019 conviction for home invasion in Michigan. *See Jones v. Kreuger*, 2018 WL 2416409, at *2 (S.D. Ind. May 29, 2018) (noting home invasion in violation of M.C.L. §750.110a is a violent felony under the Armed Career Criminal Act) (citing *United States v. Quarles*, 850 F.3d 836, 839 (6th Cir. 2017)).[3] Even if the reasoning of *Range* were applicable to the facts of Mr. Wade's case, the Court finds its own reasoning in *Rice*, and the subsequent decision in *Jackson*, 69 F.4th 495, to be more persuasive on whether non-violent felons are constitutionally within § 922(g)(1)'s ambit.

Mr. Wade also points to the sole outlier from the consensus that § 922(g)(1) is constitutional in requesting dismissal of his charge. *United States v. Bullock*, 2023 WL 4232309 (S.D. Miss. June 28, 2023) (finding § 922(g)(1) unconstitutional as-applied). Like *Range*, *Bullock* is not binding upon this Court. *Bullock* post-dates and briefly discusses *Rice* in its analysis, but this is unavailing to Mr. Wade. After thoroughly reviewing the *Bullock* decision the Court finds no persuasive arguments which merit revisiting its holding in *Rice*.

---

[2] The Court's historical analysis found no carve outs to this power based upon where the possession occurred.

[3] In the hypothetical world where § 922(g)(1) is categorically limited to disarming "violent" felons, the Court assumes, without deciding, that being convicted of a violent felony as defined by the Armed Career Criminal Act would make a defendant a "violent" felon for § 922(g)(1) purposes.

Finally, Mr. Wade also refers the Court to the Fifth Circuit's decision in *Rahimi v. United States* as support for his position. 61 F.4th 443 (5th Cir. 2023). This argument is misplaced. First, *Rahimi* was a challenge to a different statutory provision and not § 922(g)(1). *Id.* Second, in *Rice* the Court noted that *Rahimi*'s reasoning actually indicates support for the disarmament of felons. 2023 WL 2560836 at *9.

### C. Conclusion

Accordingly, the Court will reaffirm its holding in *Rice* and the motion to dismiss is DENIED. (DE 49.)

SO ORDERED.

ENTERED: September 15, 2023

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court